IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA GENTRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-0959-CV-W-GAF |
| | ) | |
| THE HOME DEPOT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Presently before the Court is a Partial Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") by Defendant, Home Depot U.S.A., Inc. ("Defendant") (incorrectly named "The Home Depot, Inc." in Plaintiff, Christina Gentry's ("Plaintiff"), Petition). (Doc. #9). Defendant seeks the dismissal with prejudice of all claims other than 42 U.S.C. § 1981 claims that accrued after August 3, 2002. Id. Plaintiff concedes that many of her claims are properly dismissed, but requests that the dismissal of her discrimination claims be without prejudice. (Doc. #13). Plaintiff also contends that her Missouri common law whistleblower claim is valid. Id. For the reasons stated below, Defendant's Partial Motion to Dismiss is GRANTED.

### DISCUSSION

**I. Facts**

The present case is an employment-based action arising from Plaintiff's claims that Defendant did not promote her because she is a Hispanic female.[1] Plaintiff alleges that in the five years she was employed by Defendant, she was denied several promotions in favor of less-qualified

---

[1]Facts are from Plaintiff's Petition unless otherwise indicated.

1

white employees. Plaintiff also claims she was required to perform the duties of a supervisor without the pay or title and was generally treated more harshly. Plaintiff contends her complaints of racial discrimination to Defendant's human resources department went unanswered.

Plaintiff's three-count Petition formally alleges Hostile Work Environment (Count I), Racial Discrimination in Promotion and Job Assignments and Pay (Count II), and Missouri Whistleblower Violation (Count III). However, from the allegations made throughout the Petition, Defendant deduces that Plaintiff asserts the following claims:

(1) Sex discrimination and harassment claims under (I) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), and (ii) the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 et. seq. ("MHRA")(Count I);

(2) Race discrimination and harassment claims under (I) Title VII, (ii) the MHRA, and (iii) § 1981 (Count II);

(3) Retaliation for exercising rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq.;

(4) Denial of benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq.; and

(5) Missouri common law whistleblower claim (Count III).

In the present Motion, Defendant seeks the dismissal of all claims other than § 1981 claims that accrued after August 3, 2002 for failure to state a claim upon which relief may be granted. (Doc. #9). Specifically, Defendant argues that Plaintiff's whistleblower claims are preempted by § 1981, Title VII, and the MHRA. Id. Defendant also contends that Plaintiff's claims of sex and race discrimination under the MHRA and Title VII fail because Plaintiff has not exhausted her administrative remedies by filing charges with the Equal Employment Opportunity Commission

2

("EEOC") or the Missouri Commission on Human Rights ("MCHR").[2] Id. Next, Defendant claims that Plaintiff's FMLA retaliation claim is barred by the statute of limitation, as are those § 1981 race discrimination claims accruing before August 3, 2002. Id. Finally, Defendant contends that Plaintiff's claims for vacation pay and bonuses fail to state a claim under ERISA, because those benefits do not involve an ERISA "benefit plan." Id. Plaintiff concedes the majority of Defendant's arguments with respect to § 1981, Title VII, MHRA, FMLA, and ERISA, but contends that her Missouri common law whistleblower claim is valid and should not be dismissed. (Doc. #13).

**II.     Standard**

A motion to dismiss is the proper method to test the legal sufficiency of the complaint. Schuer v. Rhodes, 416 U.S. 232, 236 (1974).  Rule 12(b)(6) provides that a cause of action may be dismissed for the failure to state a claim upon which relief may be granted. When considering a motion to dismiss, the court treats all well pled facts as true and grants all reasonable inferences therefrom in favor of the non-moving party.  Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).  However, the court is not required to accept the pleader's own legal conclusions.  Id. A motion to dismiss should only be granted if it appears from the face of the complaint that the plaintiff cannot prove any set of facts to support his claims for relief.  Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

**III.    Analysis**

Plaintiff concedes that she failed to exhaust her administrative remedies with respect to her sex and race discrimination claims under Title VII and MHRA. Plaintiff also concedes that the

---

[2]It appears Plaintiff failed to file administrative claims with the EEOC and MCHR within 180 days as required. *See* 42 U.S.C. § 200e-5(e) and Mo. Rev. Stat. §§ 213.075, 213.111(1).

appropriate statutes of limitation bar her claims for damages arising from racial discrimination occurring prior to August 3, 2002 and those arising from the FMLA. Finally, Plaintiff admits that her claim does not fall within ERISA. As all these causes of action fail to state claims upon which relief may be granted, they are dismissed.

In light of Plaintiff's concessions, the only claim Defendant has moved to dismiss that Plaintiff maintains is still valid is her Missouri common law whistleblower claim. Defendant argues that the whistleblower claim must be dismissed because it is preempted by § 1981, Title VII, and the MHRA. (Doc. #16). Citing an unpublished Fourth Circuit case for the elements of common law retaliatory discharge, Plaintiff argues that "while the elements of a retaliation claim, either in common or statutory law are similar, this does not bar the Petitioner from asserting a common law whistleblower claim." (Doc. #13).

Although the Missouri Supreme Court has not expressly adopted or defined a public policy exception to the employment-at-will doctrine, a number of Missouri appellate decisions have recognized a limited, narrow public policy exception that allows a former employee to seek recovery for wrongful termination when the termination was in retaliation for: (1) the employee's refusal to violate a statute; (2) the employee's reporting violations of law by fellow employees or supervisors; or (3) the employee's assertion of some other legal right. Luethans v. Washington Univ., 894 S.W.2d 169, 171 n. 2 (Mo. banc 1995) (listing cases before assuming, but not deciding, the public policy exception exists) (citations omitted). The Eighth Circuit has recognized the Missouri appellate courts' adoption of a public policy exception and even applied it to cases involving federal law. *See* Egan v. Wells Fargo Alarm Services, 23 F.3d 1444, 1447 (8th Cir. 1994) (finding Missouri case law permits only at-will employees to bring retaliatory discharge actions under the public policy

4

exception); Schweiss v. Chrysler Motors Corp., 987 F.2d 548, 549 (1993) (applying exception to plaintiff's allegations that her termination was in retaliation for reporting health and safety violations to OSHA, thus tortious under Missouri law).

Assuming the public policy exception exists based on the discussion above, the Court must consider whether Plaintiff's whistleblower claims are preempted by state or federal law. Id.; Parten v. Consolidated Freightways Corp. of Delaware, 923 F.2d 580, 582 (D. Minn. 1991). Under Missouri law, a statutory right of action supersedes and displaces common law remedies if the statutory remedy "fully comprehends and envelopes the remedies provided by common law." Dierkes v. Blue Cross and Blue Shield of Missouri, 991 S.W.2d 662, 668 (Mo. 1999). Moreover, when the statute a plaintiff relies on to demonstrate a public policy contains a comprehensive remedial provision, a common law claim based on the same conduct is duplicative and unwarranted. Nichols v. American Nat'l Ins. Co., 945 F.Supp. 1242, 1246 (E.D. Mo. 1996) *citing* Gannon v. Sherwood Medical Co., 749 F.Supp. 979, 981 (E.D. Mo. 1990) *and* Kramer v. St. Louis Regional Health Care Corp., 758 F.Supp. 1317, 1318-19 (E.D. Mo. 1991). Under federal law, a state law cause of action is pre-empted where it "stands as an obstacle to the accomplishment and execution of the full objectives of Congress." Parten, 923 F.2d at 582.

Applying these standards to the circumstances in the present case, the Court concludes Plaintiff's whistleblower claim is preempted by both state and federal law. The MHRA, Title VII, and § 1981 undoubtedly comprehend and envelope Missouri's nebulous public policy exception to the employment-at-will doctrine. These statutes embody the very principles of fair play and equality ostensibly protected by the exception under which Plaintiff makes her whistleblower claim. To achieve those goals, Congress and the Missouri legislature drafted detailed statutory schemes that

include comprehensive remedial measures and administrative bodies charged with regulating the conduct at issue and preventing unlawful discharge. Allowing Plaintiff to bypass these comprehensive statutory remedies and excusing her failure to follow their administrative procedures would undermine the very statutes on which Plaintiff's public policy claims are based. "It would require the suspension of disbelief to ascribe to Congress the design to allow its careful and thorough remedial scheme to be circumvented by artful pleading." Mathis v. Henderson, 243 F.3d 446, 451 (8th Cir. 2001) *citing* Brown v. General Servs. Admin., 425 U.S. 820, 833 (1976). The same is true for the Missouri legislature. Because Plaintiff's whistleblower claim is duplicative, unwarranted, and threatens the comprehensive statutory schemes of Title VII, § 1981, and the MHRA, that claim is dismissed.

## CONCLUSION

Plaintiff admits she failed to exhaust her administrative remedies with respect to her claims of sex and race discrimination under Title VII and the MHRA. Plaintiff also admits that her FMLA claims and her § 1981 claims arising before August 3, 2002 are barred by their respective statutes of limitation and that ERISA does not apply. Finally, the Court finds Plaintiff's common law whistleblower claim is preempted by state and federal law. Accordingly, Defendant's Partial Motion to Dismiss is GRANTED. The only claims remaining before the Court are those § 1981 claims that accrued since August 3, 2002.

**IT IS SO ORDERED.**

                                            s/ Gary A. Fenner
                                            GARY A. FENNER, JUDGE
                                            UNITED STATES DISTRICT COURT

DATED: March 13, 2007